**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:                                                                              CASE NO.: 6:17-BK-00046-CCJ

ERMINIO VAN MALLEGHEM,                                            CHAPTER 13

DEBTOR.
_____/

**SECURED CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Secured Creditor, Ocwen Loan Servicing LLC as Servicer for Bank of America, National Association as Successor by Merger to Countrywide Bank, FSB, FKA Countrywide Bank, National Association, FKA Treasury Bank, National Association (the "Creditor"), a secured creditor, by and through counsel, pursuant to 11 U.S.C. § 1325, objects to confirmation of the proposed Chapter 13 plan (Doc. No. 13) and states:

1. The Movant holds a Final Judgment of Foreclosure (the "Final Judgment") dated March 7, 2013 in the amount of $597,618.65, entered in the foreclosure action brought by Creditor in the Circuit Court of Orange County (the "Foreclosure Case"). *See* Final Judgment attached.

2. The real property to which the Final Judgment relates is 14203 Hogan Drive, Orlando, Florida (the "Property"), which the Debtor indicates on his petition as his residence.

3. The sale of the Property pursuant to the Final Judgment was set to be held on January 5, 2017, after having been cancelled numerous times due to several bankruptcy filings of the Debtor and his spouse.

4. Creditor obtained relief from stay in the Debtor's prior bankruptcy case, 15-bk-14689-RCR (the "Prior Case"), an order which the Debtor sought to have set aside. A discharge was entered which the Debtor attempted to have revoked so that the stay would not be lifted.

That motion was denied by order. *See* Order attached.

5. The Order Dismissing Adversary Complaint, which dismissed the adversary proceeding the Debtor brought in his Prior Case, is presently under appeal. The Debtor's motion for stay pending appeal was denied by the Bankruptcy Court in the Prior Case and by the appellate court.

6. On January 4, 2017, Debtor filed the instant bankruptcy case specifically for the purpose of cancelling the sale set for January 5, 2017.

7. Creditor's Motion to Dismiss and for Sanctions due to the Debtor filing this action in bad faith and abusing the bankruptcy system (DE 11).

8. On January 18, 2017, Debtor filed his "Chapter 13 Plan." The Plan does not conform to the requirements of 11 U.S.C. § 1325 and cannot be confirmed.

9. First, the Plan does not comply with the good-faith requirement set forth in both 11 U.S.C. § 1325(a) (3) and the petition was not filed in good faith, as required under § 1325(a)(7). Creditor's Motion to Dismiss, which is incorporated here as if fully set forth, indicates the manner in which the petition was filed solely with the intent to hinder and delay Creditor in enforcing its remedies under the Final Judgment and state law.

10. Second, in the Plan the Debtor remarkably proposes to "avoid" the Final Judgment of Foreclosure entered in the Foreclosure Case. Debtor fails to indicate the statutory provision under which Debtor purports to "avoid" the Final Judgment of Foreclosure and indeed, the Debtor would not be able to do so because there is no such provision.

11. Third, the Debtor proposes to pay five hundred dollars per month to Creditor which, over the course of 60 months, would be a fraction of the full amount owed on Creditor's secured claim.

12. Fourth, the Debtor impermissibly proposes a "balloon" payment on month 60. This is contrary to § 1325 which requires that plan payments be in equal amounts. In his Memorandum Opinion on Balloon Payments, announced in *In re Sparks*, Judge Williamson held that balloon payments expressly contradicted 1325 and denied conformation of the plan which proposed to pay a balloon payment over the objection of the secured creditor. *See* Memorandum Opinion on Balloon Payments in Chapter 13 Cases attached.

13. Fifth, the Plan contains false information. In an attempt to mislead the Court, the Debtor has failed to list Creditor's claim as a Secured Claim secured by real property that is the Debtor's residence.

14. A plan can only be confirmed if it meets the requirements of 11 U.S.C. § 1325. If the plan includes a secured claim, such as that of Creditor, § 1325(a)(5) requires that one of three conditions must be met: (1) the creditor accepts the plan, (2) the creditor retains its lien in the collateral and receives payments under the plan totaling the amount of its allowed claim, or (3) the debtor surrenders the collateral securing the creditor's claim.

15. Here, the proposed plan does not comply with 11 U.S.C. § 1325(a)(5) because the Creditor has not accepted the plan because it was not filed in good faith just as this case was not filed in good faith and the plan does not surrender the collateral securing Creditor's claim and the plan does not provide for the Creditor to receive payments with a value equal to the allowed amount of its secured claim.

**WHEREFORE**, the Secured Creditor, Ocwen Loan Servicing, LLC, as Servicer for Bank of America, National Association as Successor by Merger to Countrywide Bank, FSB, f/k/a Countrywide Bank, National Association, f/k/a Treasury Bank, National Association respectfully requests that the Court deny confirmation of the proposed Chapter 13 plan and

dismiss this case with prejudice and other relief deemed just and proper.

> Respectfully submitted by,
>
> VAN NESS LAW FIRM, PLC
> 1239 E. Newport Center Drive, Suite 110
> Deerfield Beach, FL 33442
> Phone (954) 571-2031
>
> /s/ Marian Kennady
> Marian Kennady, Esquire
> Florida Bar No.: 379580
> bankruptcy@vanlawfl.com

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing Secured Creditor's Objection to Confirmation of Chapter 13 Plan was served on January 27, 2017 by CM/ECF electronic filing to all registered users in this action and by US Mail to the non-registered user or users listed below.

> Respectfully submitted by,
>
> VAN NESS LAW FIRM, PLC
> 1239 E. Newport Center Drive, Suite 110
> Deerfield Beach, FL 33442
> Phone (954) 571-2031
>
> /s/ Marian Kennady
> Marian Kennady, Esquire
> Florida Bar No.: 379580
> bankruptcy@vanlawfl.com

**MAILING MATRIX**

ERMINIO VAN MALLEGHEM
14203 HOGAN DRIVE
ORLANDO, FL 32837

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL ACTION

INDYMAC FEDERAL BANK FSB,

    Plaintiff,

vs.

CASE NO.     48 2009 CA 002658 O
DIVISION     34

DOC# 20130151724 B: 10539 P: 7029
03/19/2013 11:49:30 AM Page 1 of 5
Rec Fee: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
IO - Ret To: CLERK OF COURT CIVIL

DAWN VAN MALLEGHEM; ERMINIO VAN MALLEGHEM;
SUNTRUST BANK; HUNTER'S CREEK COMMUNITY ASSOCIATION,
INC.; THE FAIRWAYS NEIGHBORHOOD ASSOCIATION, INC.

    Defendant(s).
_____/

### FINAL SUMMARY JUDGMENT OF MORTGAGE FORECLOSURE

IT IS ADJUDGED THAT:

1. Plaintiff BANK OF AMERICA, N.A.[1], 888 East Walnut Street, Pasadena, CA 91101 is due:

| | |
|---|---:|
| UNPAID PRINCIPAL BALANCE | $491,110.21 |
| INTEREST ON THE NOTE AND MORTGAGE FROM 09/01/2008 TO 08/31/2012 | 66,233.34 |
| PER DIEM INTEREST AT 2.75% FROM 08/31/2012 TO 03/07/2013 | 6,956.00 |
| TITLE SEARCH EXPENSES | 175.00 |
| TITLE EXAMINATION FEE | 150.00 |
| TAXES | 11,970.36 |
| INSURANCE | 15,585.12 |
| ATTORNEYS' FEES | |
|     *Other | 1,475.00 |
|     (*The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.) | |
|     ATTORNEYS' FEES TOTAL | $2,400.00 |
| FILING FEE | 407.50 |

---

[1] Plaintiff name has changed pursuant to order previously entered.

| | |
|---|---:|
| INVESTIGATION/SERVICE OF PROCESS | 405.00 |
| RECORDING FEE | 5.00 |
| Mediation Cost | 550.00 |
| PRE-ACCELERATED LATE CHARGES THROUGH January 16, 2009 | 161.12 |
| PROPERTY INSPECTIONS | 440.00 |
| BPO/APPRAISAL | 1,070.00 |
| TOTAL | $597,618.65 |

That shall bear interest at the rate established by Florida Statute.

2. Plaintiff holds a lien for the total sum-superior to all claims, or estates of Defendant(s) on the following-described property in ORANGE County, Florida:

LOT 108, HUNTERS CREEK TRACT 130, PHASE II, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLATBOOK 21, PAGES 18 AND 19, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.

A/K/A 14203 HOGAN DRIVE ORLANDO, FL 32837

3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this Judgment are not paid, the Clerk of this Court shall sell the property at a public sale on ___April 11___, 2013, at 11:00AM EST, to the highest bidder for cash, except as prescribed in paragraph 4 www.myorangeclerk.realforeclose.com

4. Plaintiff shall advance all subsequent costs of this and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If Plaintiff is the purchaser, the bid may be assigned without further Order of this Court and the Clerk shall credit the Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

5. On filing the Certificate of Title the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the

3/7/2013 4:44 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

Certificate; third, Plaintiff's attorney's fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any amount remaining pending the further Order of this Court.

6. On filing the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

7. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment, if Plaintiff is not limited to in rem stay relief in an active bankruptcy case and/or if borrower(s) has not been discharged in bankruptcy or constructively served, together with additional attorney's fees, if appropriate.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT. IF YOU ARE SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.** If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the Clerk of the Court, ORANGE County, 425 N. Orange Ave, Ste 350, Orlando, FL 32801, Phone: 407-836-2278, within ten (10) days after the sale to see if there is additional money from the

INDYMAC FEDERAL BANK FSB vs. DAWN VAN MALLEGHEM, ET AL
FINAL SUMMARY JUDGEMENT
CASE NO. 48 2009 CA 002658 O

foreclosure sale that the Clerk has in the registry of the Court. If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact Legal Services of Mid-Florida, Inc. - Orlando Office (407)841-7777, Legal Aid Society of the Orange County Bar Association, Inc. - (407)841-8310, to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact Legal Services of Mid-Florida, Inc. - Orlando Office (407)841-7777, Legal Aid Society of the Orange County Bar Association, Inc. - (407)841-8310, for assistance, you should do so as soon as possible after receipt of this notice.

DONE AND ORDERED in Chambers, in ORANGE County, Florida, this ____07_____ day of _____March_____, 2013.

_____
Circuit Judge
48 2009 CA 002658 O

Copies furnished to: John Jefferson, Esquire
Ronald R Wolfe & Associates, P.L.
P.O. Box 25018
Tampa, FL 33622-5018

INDYMAC FEDERAL BANK FSB vs. DAWN VAN MALLEGHEM, ET AL
FINAL SUMMARY JUDGEMENT
CASE NO. 48 2009 CA 002658 O

Service List

DAWN VAN MALLEGHEM
14203 Hogan Drive
Orlando, FL 32837

ERMINIO VAN MALLEGHEM
14203 Hogan Drive
Orlando, FL 32837

SUNTRUST BANK
C/o Cathy Homa Arther, Esq., R.a. 200 S. Orange Ave.
Orlando, FL 32801

HUNTER'S CREEK COMMUNITY ASSOCIATION, INC.
C/o Taylor, Robert L, R.a.
150 N. Westmonte Drive.
Altamonte Springs, FL 32714

THE FAIRWAYS NEIGHBORHOOD ASSOCIATION, INC.
C/o Taylor, Robert L, R.a.
150 N. Westmonte Drive.
Altamonte Springs, FL 32714

INDYMAC FEDERAL BANK FSB vs. DAWN VAN MALLEGHEM, ET AL
FINAL SUMMARY JUDGEMENT
CASE NO. 48 2009 CA 002658 O

ORDERED.

**Dated: October 20, 2016**

_Roberta A. Colton_
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re                                          )
                                               )
ERMINIO VAN MALLEGHEM,    ) Case No. 6:15-bk-06189-RAC
                                               ) Chapter 7
      Debtor.                              )
                                               )

**ORDER DENYING DEBTOR'S MOTION FOR
<u>RECONSIDERATION OF ORDER OF DISCHARGE</u>**

THIS CASE came on for hearing October 11, 2016, on Debtor's Motion for Reconsideration of Order of Discharge ("Motion for Reconsideration") (Doc. No. 33) and Ocwen Loan Servicing LLC's ("Ocwen") Motion to Strike Debtor's Motion for Reconsideration or, in the Alternative, Motion to Dismiss Case for Bad Faith Filing and for Attorney Fees (Doc. No. 36). Debtor also filed a Declaration in Support of his Motion for Reconsideration (Doc. No. 34) and a response to Ocwen's motion (Doc. No. 44). Upon due consideration, the Court denies the Motion for Reconsideration and, therefore, denies Ocwen's request for alternative relief as moot.

<u>BACKGROUND</u>

Prior to the commencement of this bankruptcy case, Bank of America obtained a final foreclosure judgment on Debtor's homestead, located at 14203 Hogan Drive, Orlando, FL 32837

(the "Property"). Debtor filed his voluntary chapter 7 petition on July 17, 2015, and listed the Property as fully exempt. (Doc. Nos. 1, 7). On November 04, 2015, Debtor commenced an adversary proceeding against Ocwen, which is Bank of America's servicer for the loan underlying the foreclosure judgment.[1] Based on *Rooker-Feldman* and *res judicata*, the Court dismissed Debtor's amended complaint to the extent Debtor sought to nullify or relitigate the final foreclosure judgment. (Adv. Pro. Doc. No. 43). Debtor filed a motion for reconsideration, which the Court denied. (Adv. Pro. Doc. Nos. 45, 48). Debtor then filed a notice of appeal on August 09, 2016. (Adv. Pro. Doc. No. 51). Since the filing of the notice of appeal in the adversary proceeding, the Court has granted Debtor's discharge and has lifted the automatic stay as to the Property to allow Ocwen to pursue its *in rem* rights in state court. (Doc. Nos. 31, 37).

## DEBTOR'S ARGUMENT

Debtor argues that the entry of the discharge order violates his First Amendment right to free speech and his Fifth Amendment right to due process by depriving him of meaningful appellate review in the adversary proceeding. Debtor argues the First Amendment entitles litigants to immediate de novo appellate review of a trial court verdict that rejects a First Amendment claim or defense.[2] Debtor cites cases where courts reduced bond requirements and stayed executions of large judgments against the NAACP and Hustler Magazine pending appeal. The courts reasoned that requiring payment or the posting of overly burdensome bonds would have destroyed the appellants' operations, effectively restraining their speech prior to receiving their constitutionally entitled appellate review. With respect to the Fifth Amendment, Debtor cites to cases holding that

---

[1] All references to adversary proceedings are to Adversary No. 6:15-ap-00147-RAC, *Van Malleghem v. Ocwen Loan Servicing LLC*. See Court's Order Granting Motion to Dismiss First Amended Complaint and Granting Plaintiff Leave to Amend for details on the foreclosure judgment and procedural posture. (Adv. Pro. Doc. No. 43).

[2] Debtor seems to have obtained this argument from a court document submitted by Gawker Media, LLC in another case: "Here, it may prove to be the case Gawker's business may already have been irreparably injured." (Doc. No. 33, p. 5).

overly burdensome bonding requirements violate due process when a state affirmatively chooses to provide a right of appeal and payment of the bond would effectively prevent appellant from exercising that right.

ANALYSIS

A motion for reconsideration is treated as either a motion to alter or amend judgment under Fed. R. Civ. P. ("Rule") 59(e) (incorporated by Fed. R. Bankr. P. 9023) or a motion for relief of judgment under Rule 60(b) (incorporated by Fed. R. Bankr. P. 9024). *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The timing of service determines under which rule the motion falls. *Id*. If the motion is served within 14 days of the entry of order or judgment, the motion falls under Rule 59(e). *In re Arroyo*, 544 B.R. 751, 756 (Bankr. D.P.R. 2015). "If the motion is served after that time, it falls under Rule 60(b)." *Id.* Here, the Motion for Reconsideration falls under Rule 59(e) because Debtor filed and served the motion two days after entry of the discharge order. (Doc. Nos. 31, 33).

In the Eleventh Circuit, three grounds exist for granting a motion for reconsideration under Rule 59(e): (1) manifest error of fact; (2) manifest error of law; and (3) newly discovered evidence. *Kellog v. Dzikowski (In re Kellog)*, 197 F.3d 1116, 1119 (11th Cir. 1999). Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Sussman*, 153 F.R.D. at 694. Here, Debtor has failed to assert any ground for relief or facts that would give rise to one.

The Court would also deny the Motion for Reconsideration if it fell under Rule 60(b)(6), which permits a court to relieve a party from final judgment, order, or proceeding for "any other reason that justifies relief." [3] Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722

---

[3] Rule 60(b)(1) through (5) provide additional grounds for relief. Debtor has failed to assert any of these grounds for relief or facts that would give rise to one.

F.2d 677, 680 (11th Cir. 1984). Parties seeking relief under Rule 60(b)(6) must show "that absent such relief, an 'extreme' and 'unexpected hardship' will result." *Id.* (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). Debtor has failed to show the existence of any exceptional circumstances that would justify relief. Neither has Debtor persuaded the Court that his discharge, which indeed frees him from the burdens of personal liability and is the primary goal of a debtor filing chapter 7, somehow creates an extreme and unexpected hardship.

Finally, Debtor's constitutional arguments for vacating, and thereafter delaying, the discharge order are without merit. Debtor has no First Amendment right to immediate *de novo* appellate review of the Court's order in the adversary proceeding. Debtor did not, and in all likelihood could not have, raised any First Amendment claims or defenses in response to Ocwen's motion to dismiss Debtor's adversary complaint. Furthermore, the Court has imposed no financial burden preventing Debtor from pursuing his appeal. To the contrary, the discharge order actually frees Debtor from most of his prepetition financial burden.

Accordingly, it is **ORDERED**:

1. Debtor's Motion for Reconsideration is **DENIED**.

2. Ocwen's Motion to Strike Debtor's Motion for Reconsideration or, in the Alternative, Motion to Dismiss Case for Bad Faith Filing and for Attorney Fees is **DENIED** as moot.

The clerk is directed to serve a copy of this order on interested parties who are not CM/ECF users.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Varrie L. Spark,

    Debtor.

Case No. 8:13-bk-06685-MGW
Chapter 13

_____/

**MEMORANDUM OPINION ON BALLOON PAYMENTS IN CHAPTER 13 CASES**

Under Bankruptcy Code § 1325, a debtor that makes periodic payments on account of a secured claim must make those payments in "equal monthly amounts."[1] In her plan, the Debtor proposes to pay Wells Fargo Bank, National Association,[2] which holds a first mortgage on the Debtor's property, fifty-nine monthly payments, followed by a balloon payment on the sixtieth month, on account of its secured claim. Because the balloon payment is not equal to the preceding fifty-nine monthly payments, the Debtor's proposed plan violates § 1325(a)(5). Accordingly, the Court cannot confirm the Debtor's plan as proposed.

**Background**

The Debtor owns non-homestead property located at 2690 64th Avenue South, St. Petersburg, Florida (the "Property").[3] Wells Fargo Bank, National Association ("Wells Fargo"), which holds a mortgage on the Property, filed a $310,868.36 secured claim.[4] Based on the agreement of the parties, however, the Court valued the Property at $135,000. Under her plan, the Debtor proposes to pay Wells Fargo $746 per month for fifty-nine months, with a balloon payment due on the sixtieth month, on its $135,000 secured claim.[5] Select Portfolio objects to the Debtor's proposed plan because it says the plan violates Bankruptcy Code § 1325(a)(5)(B).[6]

**Conclusions of Law**

Under § 1325, a plan may be confirmed over the objection of a secured creditor so long as the debtor proposes to distribute property on account of the secured creditor's claim in an amount not less than the amount of the allowed claim.[7] The property distributed on account of a secured claim may come in the form of periodic payments. Section 1325, however, specifically provides that if the Debtor makes periodic payments on account of a secured claim, those payments "shall be in *equal* monthly amounts."[8]

On its face, the plain language of § 1325 appears to bar the Debtor's proposed balloon payment. After all, a balloon payment is, by definition, not an "equal monthly payment." And the overwhelming majority of courts that have considered the issue have held that a balloon payment runs afoul of the plain terms of § 1325.[9] In fact, the Debtor here has failed to

---

[1] 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

[2] The plan actually proposes to pay Select Portfolio Servicing, which is the servicer for the loan.

[3] Doc. No. 1, Schedule A.

[4] Claim No. 8-1. The claim included $83,197.67 in arrearages. *Id.*

[5] Doc. No. 44.

[6] Doc. No. 49.

[7] 11 U.S.C. § 1325(a)(5)(B)(ii).

[8] 11 U.S.C. § 1325(a)(5)(B)(iii)(I) (emphasis added).

[9] *See, e.g., In re Hamilton*, 401 B.R. 539, 543 (BAP 1st Cir. 2009) (explaining that "[o]verwhelmingly, courts have held that by its very terms, a balloon payment is not equal to the payment that preceded it, and thus violates § 1325(a)(5)(B)(iii)(I) with respect to periodic payments on a secured claim under a chapter 13 plan"); *In re Acosta*, 2009 WL 2849096,

cite any legal authority that would allow a balloon payment, and the Court is only aware of one that would support that proposition: *In re Davis*.[10]

In *Davis*, the debtor proposed to cure $5,744.16 in mortgage arrearages over fifty-seven months. During the first ten months of his proposed plan, the debtor would not make any payments on account of his arrearages. Then the debtor would pay $122.23 for months 11 through 57. The mortgage holder objected because the payments were not in equal amounts, as required under § 1325(a)(5). The *Davis* court, relying in part on the Supreme Court's decision in *Rake v. Wade*, ultimately concluded that there was no need to construe the phrase "equal monthly payments" because § 1322(e)—which provides that the amount necessary to cure a mortgage default in a chapter 13 plan is determined by state law—technically overrode § 1325(a)(5).[11]

This Court disagrees with the reasoning in *Davis* for the same reason the court in *In re Hamilton* did.[12] According to the *Hamilton* court, § 1322 does not contradict—much less override—§ 1325(a)(5).[13] Section 1322 addresses a debtor's right to cure arrearages on long-term, secured debt, whereas § 1325 addresses the manner in which debtors must provide for secured claims. So the plain text of §§ 1322 and 1325 do not support the *Davis* court's interpretation. Besides, interpreting § 1322 to effectively override § 1325 is contrary to § 1325's legislative history.[14]

Before the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") was passed in 2005, § 1325 obligated a debtor to distribute property to a secured creditor in an amount not less than the amount of the secured creditor's allowed claim.[15] But pre-BAPCPA, § 1325 did not require any distribution—in the event it was in the form of periodic payments—be made in equal monthly amounts. When Congress passed BAPCPA in 2005, it added the "equal monthly amounts" language to § 1325 to prevent debtors from making balloon payments:

> Changes in Section 1325(a)(5)(B) requiring adequate protection and equal monthly payments were intended by Congress to address two perceived abuses. First, because adequate protection payments were not explicitly required under prior law, unscrupulous debtors could propose plans that allowed them to use collateral for months without making payments (i.e., a moratorium on payments), then convert to Chapter 7 or move to modify their plan to surrender the collateral at a significantly depreciated value. Second, by requiring equal monthly payments over the life of a Chapter 13 plan (unless the secured claim is paid earlier), debtors cannot propose plans with a balloon payment at the end. Requiring, first, that adequate protection payments begin as soon as the case is filed and, second, that equal monthly payments provide adequate protection, will prevent creditors secured by personal property from suffering the economic consequences of the

---

at *1 (Bankr. N.D. Cal. 2009); *In re Hill*, 397 B.R. 259, 263 (Bankr. M.D.N.C. 2007).

[10] 343 B.R. 326 (Bankr. M.D. Fla. 2006).

[11] *Id.* at 327-28 (analyzing *Rake v. Wade*, 508 U.S. 464 (1993)).

[12] *Hamilton*, 401 B.R. at 545.

[13] *Id.* at 545-46.

[14] *Id.* at 546.

[15] This, of course, assumes the secured creditor did not consent to the plan or that the debtor did not otherwise surrender the secured creditor's collateral.

2

moratorium plans and the balloon plans. New Section 1325(a)(5)(B) prevents debtors from proposing plans that provide a moratorium on payments or provide for payments that do not amortize the secured claim by the end of the plan.[16]

### Conclusion

Both the plain language of § 1325 and its legislative history support the conclusion that balloon payments are not permitted in a chapter 13 plan. Because the Debtor proposes a balloon payment here, her plan runs afoul of § 1325. Accordingly, the Court has no choice but to deny confirmation.

**DATED**: May 5, 2014.

/s/ Michael G. Williamson
_____
Michael G. Williamson
United States Bankruptcy Judge

Attorney Seth J. Greenhill is directed to serve a copy of this order on interested parties and file of proof of service within 3 days of entry of this order.

**Seth J. Greenhill, Esq.**
**Elizabeth R. Wellborn, P.A.**
*Counsel for Wells Fargo*

**John E. Kassos, Esq.**
**John E. Kassos, P.A.**
*Counsel for Debtor*

---

[16] *In re Hill*, 397 B.R. 259, 270 (Bankr. M.D.N.C. 2007).

3